*Southern District*
## MASSACHUSETTS GENERAL HOSPITAL
### v.
## PUBLIC WELFARE HOSPITAL TREATMENT.

*Present*: Nash, P. J., Cox & Murphy, JJ.

Case tried to ———, J. in the District Court of East Norfolk. No. 23085.

*Cox, J.* This is an action brought to recover $461.85 from the City of Quincy for the hospitalization from May 31 to June 15, 1960 of a married female resident of that city. G. L. c. 117, §24A (St. 1959, c. 584). The only issue which the defendant raises is whether the woman was in need within the meaning of §24A. If she was, the hospital is entitled to reimbursement by the city.

At the time of her admission to the hospital the woman stated to the admitting nurse that her husband earned $50. weekly. That statement was false. Her husband's income was in fact $137. weekly. The defendant adduced evidence that for several years before and up to the time of her admission to the hospital the woman herself earned $50. weekly. The woman's minor child by a former marriage and her mother were members of the household. The mother received $39. monthly from social security. The child received $65. monthly as beneficiary of her deceased father's government insurance.

The trial judge found for the plaintiff. He specially found that although the woman's husband had a weekly income of $137. at the time of his wife's admission to the hospital "he was in no position to avail himself of his assets to permit payment of hospital bills; that at that time the patient was in need of immediate relief and hospitalization."

In our opinion the judge was warranted in finding that the woman was in need of immediate relief and hospitalization. The fact that she remained in the hospital from May 31 to June 15 tended to show the necessity for her admission in the first place.

The case, in our opinion, is governed by *Massachusetts General Hospital* v. *City of Revere,* 346 Mass. 217 where the same issue as the one before us is fully considered. The hospital was entitled to rely upon appearances and to admit the woman as one in need of immediate relief. Notice to the local Board of Public Welfare is required by §24A which makes the city "immediately and primarily responsible" for the care necessarily incurred. The city's liability includes "(a) all care reasonably determined by the hospital to be necessary at the time of admission to meet the medical situation then existing and requiring prompt treatment, and (b) all such care for at least a reasonable period of immediate care, which, we think, must extend at least until the facts about the patient's financial ability have been or should have been ascertained." *Massachusetts General Hospital* v. *City of Revere,* 346 Mass. 217 at 224.

We are not called upon to decide whether or not the length of the woman's stay in the hospital exceeded a reasonable period of immediate care. We pass only upon the single issue raised and hold that the judge was warranted in finding that the woman was in need

of immediate hospitalization notwithstanding her misrepresentations of resources to the admitting nurse.

It should be observed that the city is not without remedies if it sees fit to pursue them. *Massachusetts General Hospital v. City of Revere,* 346 Mass. 217 at 224.

There being no error of law, an order should be entered dismissing the report.

Albert G. Tierney, Jr., of Boston, for the Plaintiff.

Stephen T. Keefe, Jr., of Quincy, for the Defendant.